J-S68024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TIMOTHY WILSON | |
| Appellant | No. 76 WDA 2016 |

Appeal from the PCRA Order December 2, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012631-2006
CP-02-CR-0012634-2006
CP-02-CR-0015573-2006
CP-02-CR-0015576-2006

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:              **FILED NOVEMBER 30, 2016**

Timothy Wilson ("Appellant") appeals from the order denying as untimely his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant's counsel has filed a motion to withdraw.   We affirm the order denying Appellant post-conviction relief and grant counsel's motion.

On August 29, 2007, Appellant entered a negotiated guilty plea to various robbery and related charges at four separate dockets.  That same day, the trial court accepted the plea, and imposed an aggregate sentence of

_____

[*] Retired Senior Judge assigned to the Superior Court.

five to ten years' incarceration. Appellant filed neither a post-sentence motion nor a direct appeal.

On July 9, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. On October 13, 2015, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 5, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition because it was untimely, and no time-bar exceptions applied. In this same order, the PCRA court granted PCRA counsel's motion to withdraw. Appellant did not file a response. By order entered December 2, 2015, the PCRA court denied Appellant's PCRA petition. Appellant filed a *pro se* appeal on December 17, 2015. The PCRA court appointed appellate counsel on February 4, 2016.

In lieu of an advocate's brief, Appellant's counsel has filed a purported ***Anders***[1] brief and a petition to withdraw. Compliance with ***Anders*** applies to counsel who seeks to withdraw from representation on direct appeal. Because ***Anders*** imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to ***Turner*** and ***Finley***, we may accept an ***Anders*** brief in lieu of a

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

*Turner*/*Finley* no merit letter. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Thus, we will assess counsel's assertion that the issue Appellant wishes to raise has no merit under a *Turner*/*Finley* analysis.

This Court has summarized:

> The *Turner*/*Finley* decisions provide the manner for post[-]conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or [an] appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]
>
> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney[.]

*Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). Counsel in this case has complied with the mandates of *Turner* and *Finley*, as summarized in *Reed*. *See* Counsel's Amended Petition to Withdraw, 6/24/16. Thus, we must determine whether we agree with counsel's assessment of Appellant's claim.

Counsel phrases Appellant's issue as follows:

> I. DID THE PETITIONER FILE A TIMELY PCRA PETITION, OR DOES AN EXCEPTION TO THE TIME LIMITATION FOR FILING A PCRA PETITION APPLY SUCH THAT THE LOWER COURT ERRED IN NOT ADDRESSING THE MERITS OF THE CLAIMS?

Appellant's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is unsupported. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition set

forth in 42 Pa.C.S. § 9545(b)(1) applies.[2]  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S. § 9545(b)(2).  The exceptions must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Appellant's judgment of sentence became final on September 28, 2007, when the thirty-day time period for filing an appeal to this Court expired.  *See* 42 Pa.C.S. § 9545(b)(3).  Thus, Appellant had until September 28, 2008, to file a timely PCRA petition.  As Appellant filed the

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1).

instant petition in July of 2015, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

According to Appellant, his PCRA petition is timely because, under the "governmental interference exception" provided for in 42 Pa.C.S. § 9545(b)(1)(i), he was "not informed of his rights to file a post sentence motion to withdraw his guilty plea and to file a direct appeal." *Anders* Brief at 10. Appellant's PCRA petition asserts that he "was not advised of his appellate rights or his right to file a motion to withdraw his plea of guilt," that this alleged fact satisfies the time-bar exception in Section 9545(b)(1)(ii), and that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." PCRA Petition, 7/9/15, at 4. Appellant's averments are confusing. As further noted by Appellant's counsel, "It is unclear whether Petitioner asserts that he filed his *pro se* PCRA petition within sixty days of being notified of his post-sentence and appellate rights. However, the transcript of the plea and sentencing proceedings indicates that he was in fact informed of those rights at that time." *Anders* Brief at 10.

Upon review, we agree with counsel that Appellant's claim is devoid of merit because he has failed to plead and prove an exception to the PCRA's time bar. *See* 42 Pa.C.S. § 9545. Our review of the sentencing transcript

refutes Appellant's claims because it shows that Appellant acknowledged at sentencing that his trial counsel had explained his post-sentencing rights to him and he agreed to waive the reading of them. **See** N.T., 8/29/07, at 17.

We further note that after the filing of the **Anders** Brief, Appellant filed with this Court a "Pa.R.App.P. 1925(b) MEMORANDUM OF LAW,"[3] in which he asserted that his claim constitutes "after-discovered evidence June 2015 within the (60 days) of 9545(b)(1)(ii) in his PCRA" . . . due to "medication and mental health illness, and learning disability that the appellant was suffering from."  Appellant's Pa.R.App.P. 1925(b) MEMORANDUM OF LAW, 9/22/16, at 6.  However, Appellant has not developed this claim in any meaningful way beyond these unsupported assertions.  **See Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (explaining that the general rule remains that a mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements).  The claim thus is unproven and provides no basis for an exception to the PCRA's time bar.  Based on the foregoing, we grant counsel's petition to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition on the basis that it is time-barred.

Order affirmed.  Counsel's petition to withdraw granted.

---

[3] Although it was docketed as an "Application for Relief," we treat it as a response to counsel's **Anders** Brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2016